IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLANDO RIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | SA-96-CA-335 |
| BEXAR METROPOLITAN WATER | ) | |
| DISTRICT, et al | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Dkt. # 69), in which Plaintiff requests that the Court enjoin the Defendants from holding the November 7, 2006 election for directors in districts 2, 3 and 7 under the apportionment plan currently in effect. The Court held a hearing, in which Plaintiff presented evidence and the Court heard arguments of counsel. After reviewing the evidence and the applicable law, the Court finds that injunctive relief is appropriate and the motion must be granted.

To obtain a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury absent the injunction; (3) that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendant; and (4) that the injunction will not impair the public interest. Harris County v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999); Cherokee Pump & Equipment, Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994).

It is undisputed that the apportionment plan currently in effect ("the '96 plan") has a "top to bottom" population deviation of approximately 60 percent, which far exceeds the constitutional limits.  See Brown v. Thomson, 462 U.S. 835, 842-43, 103 S.Ct. 2690, 2696 (1983) (population deviations exceeding ten percent are generally unconstitutional).  The '96 plan presumptively violates the one-person/one-vote principle set forth in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362 (1964), and the election of directors under the '96 plan would clearly be unconstitutional.

Bexar Met adopted a new redistricting plan in January 2006 ("the January '06 plan) and submitted the plan to the Department of Justice.  However, that plan was withdrawn and preclearance was never obtained.  After conceding that the '96 plan was clearly unconstitutional, defense counsel suggested that the Court simply adopt the January '06 plan as a court-ordered plan, and that the election proceed under that plan.  However, as the Supreme Court explained in McDaniel v. Sanchez, 452 U.S. 130, 153, 101 S.Ct. 2224, 2238 (1981), a proposal reflecting a policy-making decision of the governing body is considered a "legislative plan" which *must* be precleared under Section 5 of the Voting Rights Act.  Therefore, Defendant's proposal that the Court simply adopt the January '06 plan and order an election under that plan is untenable.  Plaintiff has met his burden of showing a substantial likelihood of success on the merits.

In the "balance of harm" analysis, Plaintiff also prevails.  While Defendant asserts that the delay of a contested election will adversely affect districts 2, 3 and 7, any concerns relating to the delay of the election are outweighed by the necessity for an election that comports with the U.S. Constitution and the Voting Rights Act.  It has been more than five years since the publication of the 2000 census.  Bexar Met had ample opportunity to develop a redistricting plan that met constitutional requirements, and to obtain preclearance thereof.  As the Supreme Court stated in

2

Perkins v. Matthews , 400 U.S. 379, 396, 91 S.Ct. 431, 441 (1971), "the States and subdivisions, rather than citizens seeking to exercise their rights, bear the burden of delays in litigation."  At the hearing, the Bexar County elections administrator testified that she could remove the Bexar Met candidates from the ballots before they are programmed and printed for the November 2006 election, and that the expense of holding the election in May 2007 could be divided between Bexar Met and other entities with positions up for election at that time.[1]  Therefore, the cost to the taxpayers and the burden imposed on the election officials will be manageable, compared to an earlier imposed election necessitating extensive time, effort and expense.  By its order, the Court is not imposing additional burdensome and costly efforts upon Bexar County that would result in any election ordered prior to May 12, 2007.

Because "the loss of [constitutional freedoms or protection], for even minimal periods of time, unquestionably constitutes irreparable injury," the requirement of irreparable injury has also been met.  Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690 (1976).

Finally, it is obviously in the public interest to have an election that is constitutional. There would be a tremendous disservice to the public if Bexar Met were allowed to proceed with an election under a plan that is unconstitutional.  See Reynolds v. Sims, 377 U.S. at 585 ("it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan").  Plaintiff has met all of the elements necessary for the issuance of a preliminary injunction.

---

[1]The deadline for removing names from the ballot was the date of the hearing.  The elections administrator advised that she would be submitting the ballot to a contractor for programming, coding and/or printing at the end of the day.

3

It is therefore ORDERED that Plaintiff's Motion for Preliminary Injunction (Dkt. # 69) is GRANTED, and Defendants are hereby enjoined and commanded to desist and refrain from holding the election of directors in districts 2, 3 and 7 on November 7, 2006.  It is further ORDERED that the parties shall immediately take steps to mediate their differences and to formulate an agreed redistricting plan no later than October 25, 2006.  The new plan shall be submitted to the Department of Justice for preclearance no later than October 27, 2006, and a copy of the written submission shall be filed with the Court.[2]  The parties shall file a written advisory no later than January 3, 2007, reporting the status of preclearance.  Assuming a new plan is precleared, the Court anticipates that the new plan will be implemented by mid-January 2007 and the election for district seats 2, 3 and 7 will be held on Saturday, May 12, 2007 in accordance with applicable state and federal law, including the applicable filing deadlines and public notices of said election.  Until then, the directors for districts 2, 3 and 7 shall remain in their current positions consistent with applicable state law.

It is so ORDERED.

SIGNED this 21st day of September, 2006.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[2]Defendant shall make every effort to obtain preclearance from the Department of Justice, which includes prompt and adequate responses to any inquires from the DOJ.

4